**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HARLEYSVILLE LAKE STATES INSURANCE COMPANY, as subrogee of PREMIUM ESPRESSO CORP. d/b/a LAVAZZA; NATIONAL SURETY CORPORATION, as subrogee of ROTI MEDITERRANEAN GRILL; and VIGILANT INSURANCE COMPANY, as subrogee of CORBOY & DEMETRIO, P.C., <br><br> Plaintiffs, <br><br> v. <br><br> HILTON TRADING CORPORATION d/b/a ACCUBANKER USA; OFFICE DEPOT, INC.; and BANK OF AMERICA, N.A., <br><br> Defendants. | No. 12 C 8135 <br><br> Judge Rebecca R. Pallmeyer |

## MEMORANDUM OPINION AND ORDER

On March 6, 2011, a fire destroyed portions of an office building at 33 North Dearborn Street in Chicago. The fire originated in counterfeit bill detector equipment referred to as the "Accubanker D62," located in the teller section of the Bank of America facility in the building. Plaintiffs in this case—Harleysville Lake States Insurance Company, National Surety Corporation, and Vigilant Insurance Company (collectively, "Plaintiffs")—are insurers of other tenants of the building who suffered damage. They filed this subrogation action against Defendants Hilton Trading Corporation d/b/a Accubanker USA ("Hilton"), Office Depot, Inc. ("Office Depot"), and Bank of America, N.A. (collectively, "Defendants") to recover amounts Plaintiffs paid to their insureds for damage sustained as a result of the fire. (Compl. ¶¶ 24, 35-38.)[1]

As against Defendant Office Depot, Plaintiffs originally asserted claims of negligence (Count

---

[1] As reflected in an amended complaint, Plaintiffs are citizens of Michigan, California, and New Jersey; Defendants are citizens of Florida, Delaware and North Carolina; and more than $75,000 is at stake. Amended Compl. [50] ¶¶ 1-7.

III) and strict products liability (Count IV). They alleged, in support of those claims, that the Accubanker D62 counterfeit bill detection machine was "designed, manufactured, assembled, built, tested, inspected, marketed, distributed and/or sold" by Office Depot. (*Id.* ¶¶ 22, 24-29, 57). Plaintiffs have withdrawn the negligence claim (Plaintiffs' Response. in Opposition to Office Depot Motion to Dismiss (hereinafter "Plaintiffs' Resp."), at 7), and Office Depot has moved to dismiss the strict liability action. Office Depot contends it was merely a seller in the stream of commerce of the counterfeit bill detector in question, such that the Illinois "Seller's Exception," 735 ILCS 5/2–621, bars this action as a matter of law. (Defendant's Memorandum in Support of Motion to Dismiss (hereinafter "Defendant's Mem."), at 5.) For the reasons explained herein, Defendant's motion is granted.

## **DISCUSSION**

In this action brought pursuant to diversity jurisdiction, Illinois choice-of-law rules apply and point to the application of the law of Illinois, where the tort occurred. *See Robinson v. McNeil Consumer Healthcare*, 615 F.3d 861, 865 (7th Cir. 2010) (citing Illinois authority). Under Illinois law, a strict liability claim requires a showing that (1) the injury complained of resulted from a condition of the product; (2) the condition was unreasonably dangerous; and (3) the condition existed at the time the product left the manufacturer's control. *See Smith v. Phoenix Seating Sys., LLC*, 894 F. Supp. 2d 1088, 1093 (S.D. Ill. 2012). Common law principles dictate that "all entities in the distributive chain of an allegedly defective product, including manufacturers, sellers, wholesalers, distributors and lessors of the product, are strictly liable in products liability actions for injuries resulting from that product." *Brobbey v. Enter. Leasing Co. of Chicago*, 404 Ill. App. 3d 420, 428, 935 N.E.2d 1084, 1091 (1st Dist. 2010) (citing *Murphy v. Mancari's Chrysler Plymouth, Inc.*, 381 Ill. App. 3d 768, 772-773, 887 N.E.2d 569, 574 (1st Dist. 2008)). Illinois procedural law, however, carves out a "Seller's Exception," under which a non-manufacturer defendant is entitled to dismissal, absent certain exceptions, once that defendant "file[s] an affidavit certifying the correct

identity of the manufacturer of the product allegedly causing injury, death, or damage," and "the plaintiff has filed a complaint against the manufacturer . . . , and the manufacturer . . . ha[s] or [is] required to have answered or otherwise pleaded." 735 ILCS 5/2–621(a)-(b). Though that exception is a procedural provision, it applies in this court because its application is outcome-determinative and because application of the exception serves "'the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws.'" *Whelchel v. Briggs & Stratton Corp.*, 850 F. Supp. 2d 926, 932 (quoting *Hanna v. Plumer*, 380 U.S. 460, 468 (1965).[2]

In support of its motion to dismiss, Office Depot has submitted an affidavit from Sarah Glazier, a National Account Manager, who was "in charge of Office Depot's supply contract with Bank of America from approximately 1999 until the contract was terminated in approximately 2005." (Glazier Aff. ¶ 9, Ex. B to Def.'s Mot. to Dismiss [27-2].) In her affidavit, Glazier asserted that "[t]he only counterfeit bill detector Office Depot ever sold was product number 937747 [the counterfeit bill detector in question], which was manufactured by and purchased from Hilton Trading Corp. d/b/a Accubanker USA." (*Id.* ¶ 11.) She also asserted that "[u]pon receipt of a shipment of product number 937747 from Hilton Trading Corp. d/b/a Accubanker USA, Office Depot never opened or otherwise altered the individual 'D-62' counterfeit detection unit boxes. These boxes were shipped to Bank of America, N.A. per order specifications in their original unaltered unit boxes." (*Id.* ¶ 12.)

Defendant has moved to dismiss the claim against it pursuant to Rule 12(b)(6). A 12(b)(6) motion "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Federal courts have entertained the argument that the Seller's Exception supports dismissal of the complaint pursuant to Rule 12(b)(6). *See Montalbano v. HSN, Inc.*, No. 11 C 96, 2011 WL

---

[2] As explained in *Whelchel*, the Illinois Supreme Court has found an amended version of 735 ILCS 5/2–621 unconstitutional. Courts continue to enforce the earlier version of the statute. *See Whelchel*, 850 F. Supp.2d at 933 n. 4.

3921398, at *4 n.4 (N.D. Ill. Sept. 6, 2011) (*citing Indeck Power Equip. Co. v. Jefferson Smurfit Corp.*, 881 F. Supp. 338, 342 (N.D. Ill. 1995)). This court is less certain; though Office Depot has not answered the complaint, it in fact seeks dismissal on the basis of an affirmative defense, meaning that the motion might more appropriately be brought pursuant to Rule 12(c). See *Yassan v. J.P. Morgan Chase and Co.*, 708 F.3d 963, 975-76 (7th Cir. 2013) (where the problem with a complaint is the existence of a defense to it, proper procedural vehicle for dismissal is Rule 12(c), not 12(b)(6)); *Dehmlow v. Austin Fireworks, Inc.*, No. 90 C 4666, 1993 WL 217256 (N.D. Ill. June 18, 1993) (considering "Seller's Exception" argument pursuant to Rule 12(c)). Office Depot has not filed an answer. Because its argument for dismissal is the same under either such motion, however, and because Plaintiffs have addressed that argument on its merits, the court will do so, as well.

Office Depot here has supported its motion with the affidavit of its National Account Manager, Sarah Glazier, who (a) certified that Office Depot did not manufacture the counterfeit bill detector in question and (b) identified Hilton as the manufacturer of the equipment. Her affidavit appears to satisfy the requirements of § 2-621. Plaintiffs nevertheless challenge application of the Seller's Exception here, arguing that Glazier's affidavit does not certify the correct identity of hte manufacturer of the machinery at issue. (Plaintiffs' Resp. at 5.) The basis for this argument appears to be Sarah Glazier's characterization of the counterfeit bill detector as a "proprietary item." (*Id.*; Glazier Aff. ¶ 11.) Plaintiffs suggest that by using the expression "proprietary item," Ms. Glazier has identified the brand name of the counterfeit bill detector, and not the manufacturer of it. (Plaintiffs' Resp. at 5.) The court is unpersuaded. The "proprietary" nature of the product, as used in the context of Glazier's sworn affidavit, is irrelevant to the identity of the manufacturer of the counterfeit bill detector.

In one of several cases related to this one, Judge Leinenweber has agreed with Office Depot that the Seller's Exception shields it from liability in these circumstances. *See Lexington*

*Insurance Co. v. Office Depot, Inc.*, ___F. Supp. 2d ___, No. 12 C 9990, 2013 WL 1883189 (N.D. Ill. May 6, 2013). *Lexington* involved a nearly identical subrogation action against Hilton, Office Depot, and Bank of America to recover amounts paid in connection with the same fire at issue here. *Id.* at *1. Judge Leinenweber granted Office Depot's Rule 12(b)(6) motion to dismiss, which relied on the exception set forth in § 2–621. In reaching his conclusion, Judge Leinenweber specifically rejected the plaintiffs' contention that the affidavit submitted by Office Depot failed to certify the correct identity of the equipment's manufacturer. *Id.* at *4. He noted that it is "undeniable that the affidavit states that the electrical counterfeit bill detector 'was manufactured by and purchased from Hilton Trading Corp. d/b/a Accubanker USA.'" *Id.* (quoting Glazier affidavit). In this case, Office Depot has relied on the same affidavit presented in the *Lexington* case. For the same reasons that affidavit satisfied Judge Leinenweber that Hilton is the manufacturer of the subject counterfeit bill detector in *Lexington,* it satisfies this court, as well.

Plaintiffs are correct that in its own answer to the complaint, Hilton did not admit to manufacturing the subject counterfeit bill detector. (Plaintiffs' Resp. at 5-6.) They urge that Hilton's answer precludes dismissal of Defendant Office Depot, citing, in support, *Rosenthal v. Werner Co.*, No. 06 C 2873, 2009 WL 995489 (N.D. Ill. Apr. 13, 2009) and *Williams v. American Equipment & Fabricating Corp.*, No. 09 CV 1168, 2009 WL 5126682 (C.D. Ill. Dec. 18, 2009). Neither case defeats Office Depot's motion, however. In *Rosenthal*, the defendant sought dismissal on the basis of language in the Seller's Exception that permits an injured party to proceed against a seller where the manufacturer appears to be judgment-proof.[3] The *Rosenthal* court denied that motion,

---

[3] The statute provides, in relevant part, that

[T]he plaintiff may at any time subsequent to the dismissal move to vacate the order of dismissal and reinstate the certifying defendant or defendants, provided plaintiff can show . . . that the manufacturer no longer exists, cannot be subject to the jurisdiction of the courts of this State, or, despite due diligence, the manufacturer is not amenable to service of process; or that the manufacturer is

(continued...)

reasoning that the facts necessary to decide the applicability of § 2–261(b)(3)-(4) were not fully developed, as the certified manufacturer had been in bankruptcy proceedings for more than two years, and it was uncertain whether the manufacturer would ever emerge from bankruptcy. *Rosenthal*, 2009 WL 995489, at *6-7. In the case before this court, there is no suggestion that Hilton is insolvent or otherwise judgment-proof.

In *Williams*, the court denied the defendant's motion to dismiss pursuant to § 2–621 because the plaintiff had not yet filed a complaint against the certified manufacturer, and the certified manufacturer had not been required to respond at the time that the purported non-manufacturer defendant sought dismissal. *Williams*, 2009 WL 5126682, at *2. Given these circumstances, the court concluded that dismissal of the nonmanufacturer defendant was premature. In this case, in contrast, Hilton was a named manufacturing defendant from the outset and has since filed an Answer. (Hilton Trading Corp.'s Answer to Complaint [13].)

As Office Depot points out, the precise language that appears in Hilton's Answer is not relevant to the availability of the Seller's Exception. The statute requires, in order for the seller to seek dismissal, that the seller have identified the manufacturer, and that the manufacturer defendant be "required to have answered"; it does not require, as Plaintiffs suggest, that the manufacturer have admitted liability. *See Montalbano v. HSN, Inc.*, No. 11 C 96, 2011 WL 3921398, at *4 (N.D. Ill. Sept. 6, 2011) *(citing Logan v. West Coast Cycle Supply Co.*, 197 Ill. App. 3d 185, 191, 553 N.E.2d 1139, 1143 (2d Dist. 1990)).

Nor must the court determine whether Office Depot correctly identified the manufacturer in its affidavit. *See Dehmlow v. Austin Fireworks, Inc.*, No. 90 C 4666, 1995 WL 54446, at *1 (N.D. Ill. Feb. 7, 1994) ("Although § 2–621 compels a certifying defendant to certify the manufacturer's

---

[3](...continued)
unable to satisfy any judgment as determined by the court.
735 ILCS 5/2-621(b)(3)-(4).

identity by sworn affidavit and to use due diligence in identifying the product manufacturer, the statute does not oblige a defendant to independently demonstrate the accuracy of its certification."). Indeed, to the extent that Office Depot may have provided inaccurate information as to the correct manufacturer, Plaintiffs remain protected, as the statute itself expressly contemplates this scenario and provides a mechanism whereby Plaintiffs may move to vacate the order of dismissal and reinstate Office Depot as a defendant in this litigation. 735 ILCS 5/2–621(b)(2); *see also Lexington*, 2013 WL 1883189, at *5 (recognizing that dismissal of the strict liability claim against Office Depot was appropriate because "if Plaintiffs engage discovery and find that the information in Office Depot's affidavit is inaccurate, Plaintiffs are permitted to bring Office Depot back in this litigation."); *see also Kellerman v. Crowe*, 119 Ill. 2d 111, 115-116, 118, 518 N.E.2d 116, 118, 119 (1987) (stating that dismissal under § 2–621 "does not dispose of the rights of the parties," and "is not itself a final order.")

Plaintiffs' final argument against this motion requires only brief discussion. Plaintiffs note provisions of the statute that preclude dismissal where the non-manufacturer defendant has "exercised some significant control over the design or manufacture of the product,"[4] and have

---

[4] The statute states:

A court shall not enter a dismissal order relative to any certifying defendant or defendants other than the manufacturer even though full compliance with subsection (a) of this Section has been made where the plaintiffs can show one or more of the following:

(1) That the defendant has exercised some significant control over the design or manufacture of the product, or has provided instruction or warnings to the manufacturer relative to the alleged defect in the product which caused the injury, death, or damage; or

(2) That the defendant had actual knowledge of the defect in the product which caused the injury, death, or damage; or

(3) That the defendant created the defect in the product which caused the injury, death, or damage.

(continued...)

7

argued that Glazier's affidavit is insufficient to eliminate the possibility that Office Depot had such "significant control." Again, the court disagrees. Glazier stated in her affidavit that upon receiving the equipment from Hilton, "Office Depot never opened or otherwise altered the individual 'D-62" counterfeit detection unit boxes. These boxes were shipped to Bank of America, N.A. per order specifications in their original unaltered unit boxes." (Glazier Aff. ¶ 12.) The court takes these uncontradicted statements as true, and concludes that Office Depot is entitled to dismissal. *See Lamkin v. Towner*, 138 Ill. 2d 510, 532, 563 N.E.2d 449, 459 (1990).

## **CONCLUSION**

Office Depot has identified the detector of the counterfeit bill manufacturer as Hilton, and has offered sufficient evidence that Office Depot did not exercise control over the design or manufacture of the product. Hilton has been named and has answered the complaint in this case. Defendant's motion to dismiss Count IV [27] is granted.

ENTER:

Dated: July 23, 2013

_____
REBECCA R. PALLMEYER
United States District Judge

---

[4](...continued)
735 ILCS 5/2-621(c).