## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

HARLEYSVILLE LAKE STATES
INSURANCE COMPANY, as subrogee of
PREMIUM ESPRESSO CORP., d/b/a
LAVAZZA NATIONAL SURETY
CORPORATION, as subrogee of ROTI
MEDITERRANEAN GRILL; and VIGILANT
INSURANCE COMPANY, as subrogee of
CORBOY & DEMETRIO, P.C.

        Plaintiff,

v.

HILTON TRADING CORP, d/b/a
ACCUBANKER USA; OFFICE DEPOT,
INC.; and BANK OF AMERICA, N.A.

        Defendants.

Case Number  12-CV-8135

Assigned Judge: Hon. Rebecca R. Pallmeyer

## HILTON TRADING CORP.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE CROSSCLAIM FOR CONTRIBUTION AGAINST BANK OF AMERICA, N.A.

Defendant HILTON TRADING CORP. ("Hilton"), through its attorneys, THOMAS P. BOYLAN, MATTHEW S. SIMS, and JILLIAN A. MIKRUT of CASSIDAY SCHADE LLP, submits the following Reply in support of its Motion for leave to file a Cross-claim for Contribution against Bank of America, N.A., *instanter*.

## INTRODUCTION

In its zealous effort to oppose Hilton's Motion for Leave, BANK OF AMERICA, N.A. asks this Court to utilize an inapplicable standard to evaluate the instant motion, while drawing out unfounded inferences to suggest that Hilton is attempting to unreasonably delay the litigation. As set forth below, there are more than a few problems with BANK OF AMERICA, N.A.'s arguments.

BANK OF AMERICA, N.A. misleads this Court when it suggests that the "good-cause" standard from Rule 16 governs the instant motion. While BANK OF AMERICA, N.A. correctly

identifies cases applying this standard, it omits from its discussion the fact that every single one of those cases are significantly different both factually and with regard to their procedural postures. Most of those cases involve an expired scheduling order deadline. No such deadline exists in this case. The proper standard applicable to the instant motion is found under Rule 15, and this standard is sufficiently satisfied to permit the allowance of the Cross-claim for contribution.

## **ARGUMENT**

### I. **BANK OF AMERICA RECITES THE INCORRECT STANDARD FROM RULE 16 IN OPPOSING LEAVE TO FILE THE INSTANT CROSS-CLAIM**

Contrary to BANK OF AMERICA, N.A.'s assertion, the "good-cause" standard under Rule 16 does not apply to this motion. BANK OF AMERICA, N.A.'s argues that "Hilton should not be allowed to evade the 'good cause' standard based on an oversight…" (E-Doc. # 81 p. 5, § I), but fails to cite a single piece of authority to support its position that this Court should not follow the plain language of Rule 16. In fact, the best that BANK OF AMERICA, N.A. can muster are cases that stand for the exact opposite of its own interpretation of Rule 16. The good-cause standard is only triggered by a scheduling order and there is none applicable in this case. Therefore, BANK OF AMERICA, N.A.'s argument in this regard is without merit.

BANK OF AMERICA, N.A. correctly points to *Alioto v. Town of Lisbon,* 651 F.3d 715 (7th Cir. 2011) as recognizing a tension between Rule 15 and Rule 16, but ignores the factual bases present in *Alioto* that created such a tension. In fact, the *Alioto* Court specifically recognized that "the district court read its scheduling order as requiring amended pleadings to be filed by the end of November 2008." *Id.* at 719. Obviously, in *Alioto* there *was* a scheduling order that had set a deadline for amending pleadings *and* the party seeking relief had done so "well after the deadline set out in the court's scheduling order." *Id.* No such scheduling order

exists in this case, and Hilton is within the limitations period set forth under Illinois law. 735 ILCS 5/13-204. Indeed, BANK OF AMERICA, N.A. concedes that no specific deadline to file amended pleadings was ever set by a scheduling order. (E-Doc. # 81 p. 5, § I).

It is evident why BANK OF AMERICA, N.A. desires to impose a heightened good-cause standard as set forth under Rule 16, but there is simply no authority to impose such a standard. Like *Alioto,* the remaining cases cited by BANK OF AMERICA, N.A. are inapposite, and BANK OF AMERICA, N.A. does nothing to clarify these distinctions to this Court.

For example, in *Edmondson v. Desmond,* 551 Fed. Appx. 280, 282 (7th Cir. 2014), the district court did not err in applying the "good-cause" standard, but in that case discovery was already closed and the time for filing dispositive motions had long passed. *Id.* at 282. Yet, in the instant case, discovery remains open and no dispositive motion deadline has passed. In fact, BANK OF AMERICA, N.A. suggestion that discovery is closed, when it itself submitted numerous Joint Status reports setting a discovery schedule going forward is perplexing. (E-Doc. #83)[1].

As discussed above, *Alioto* is likewise distinguishable. Likewise, the *Trustmark* case plainly states that Rule 16 only applies "after the expiration of the trial court's Scheduling Order deadline to amend pleadings…", and is therefore distinguishable. *Trustmark Ins. Co. v. General & Cologne Life Re of Am.,* 424 F.3d 542, 553 (7th Cir. 2005). *Ryerson* involved a matter where discovery was closed and a final pre-trial order was due within 30 days, and is therefore distinguishable. *Ryerson & Son, Inc. v. Plastech Engineered Prods., Inc.,* 2003 U.S. Dist. LEXIS 8149 (N.D. Ill. May 12, 2003). The current discovery schedule – agreed to by BANK OF AMERICA, N.A. – has discovery in the current matter continuing until at least June 15, 2015. (E-Doc. # 83). The *Ibrahim* case is likewise distinguishable, as it was the Plaintiff's *fourth* attempt to amend his Complaint. *Ibrahim v. Old Kent Bank,* 2000 U.S. Dist. LEXIS 2676 (N.D.

---

[1] BANK OF AMERICA, N.A. submitted identical reports in all of the companions cases.

Ill. Feb. 25, 2000). It is plainly evident that in *Ibrahim* there had been repeated failures to cure deficiencies. *Id., compare* FCRP 15(a). No such repeated failures exist in this case, nor does BANK OF AMERICA, N.A. point to any.

BANK OF AMERICA, N.A.'s insinuation that the good-cause standard applies absent an expired scheduling order is contrary to not only the plain language of Rule 16, but also every single case they have cited for this proposition. The plain language of Rule 16 only requires good cause for the modification of a scheduling order. No scheduling order need be modified in this matter, and therefore, the good cause standard of Rule 16 cannot apply.

## II.     LEAVE TO AMEND SHOULD BE GRANTED UNDER RULE 15

As with its Rule 16 argument, BANK OF AMERICA, N.A.'s application of the standard under Rule 15 is littered with citations to cases that are inapposite to the procedural posture of the instant case.

In assessing the delay factor, BANK OF AMERICA, N.A. cites to cases that are not on all fours with the instant case. For instance, BANK OF AMERICA, N.A. acknowledges that in *Kuhn v. United Airlines,* 2012 U.S. Dist. LEXIS 116389 (N.D. Ill. Aug. 17, 2012), leave was sought "just before the close of discovery," (E-Doc. # 81 p. 7, § II(A)), but as noted above, discovery in the instant matter is slated to continue through June 15, 2015. (E-Doc. #83). It could hardly be said that the current amendment sought is "just before the close of discovery." *See also Coleman v. Ramada Hotel Operating Corp.,* 933 F.2d 470, 473 (7th Cir. 1991) (same); *Soltys v. Costello,* 520 F.3d 737, 743 (7th Cir. 2008) (leave sought <u>after the close of discovery</u>). (E-Doc. # 81 p. 7, § II(A)). BANK OF AMERICA, N.A. plays loose with the term "close of discovery" in arguing the applicability of these cases while continuously ignoring that discovery is very much open, and will be so for many more months. Although not ideal from a timing

perspective, the amendment is nevertheless timely as contemplated by Rule 15 and this factor weighs in favor of granting the motion.

With regard to its argument that a Bad Faith/Dilatory Motive exists, BANK OF AMERICA, N.A. boldly states that "[t]here is strong circumstantial evidence of, at least, dilatory motive," but then goes ahead and admits it has no specific evidence or even a belief of a bad faith or dilatory motive." (E-Doc. # 81 p. 8, § II(B)). Which one is it? What is the "strong circumstantial evidence?" BANK OF AMERICA, N.A. does not point to any. Rather, it baselessly states that this new defense[2] will undoubtedly further delay the proceedings. But how? The parties have agreed to a scheduling order (E-Doc. # 83), and the burden for Hilton to prove a counter-claim for contribution against BANK OF AMERICA, N.A. is exactly the same burden it would have to prove in its previously filed Affirmative Defense of contributory negligence. Indeed, this is the precise reason Hilton acknowledged that no new proofs would be needed. This factor cannot possibly weigh against granting the motion.

With regard to the prejudice factor, BANK OF AMERICA, N.A. again makes baseless arguments by referencing the bogeyman of delay and additional discovery, but as noted previously, there is already an *agreed* scheduling order proposed for expert liability discovery. (E-Doc. # 83). Hilton has not sought any additional fact discovery. No new experts are needed (the experts are already set forth in the scheduling order). (E-Doc. # 83). How there will be any procedural difficulties, additional experts, or potential preclusion for trial is left unexplained by BANK OF AMERICA, N.A. Rather, its agreement to the proposed scheduling order suggests this argument is, in fact, without any basis whatsoever. This factor favors granting the motion.

---

[2] Its unclear why BANK OF AMERICA, N.A. continuously refers to the proposed cross-claim for contribution as a "defense," when it clearly is not. A contribution claim is most certainly not a defense.

BANK OF AMERICA, N.A. does not discuss whether there have been any repeated failures to cure deficiencies (there has not been), and this factor weighs in favor of granting the motion.

With regard to any futility, BANK OF AMERICA, N.A. again forwards faulty arguments. First, it suggests that because "factor discovery on liability has closed" this matter is within the "orbit of summary judgment" and this Court should therefore determine the futility of the cross-claim without the benefit of any expert evidence. Yet, expert evidence is routinely considered on summary judgment motions, and to suggest that this Court should judge the futility or not of a cross-claim for contribution without the benefit of expert testimony on this very topic (fire suppression) would not only be putting the cart before the horse, it would be fundamentally unfair.

The remainder of BANK OF AMERICA, N.A.'s argument in this regard (one-half page) is nothing more than BANK OF AMERICA, N.A. own skewed interpretation of a fragment of the evidence in this case, and one with which Hilton. obviously takes issue. Moreover, it is noteworthy that BANK OF AMERICA, N.A. – as a cross-defendant - claims that Hilton's proposed cross-claim for contribution is futile, but has never itself moved to dismiss these very same claims leveled against it by the Plaintiffs. If this was as futile a claim as claimed by BANK OF AMERICA, N.A., one would expect BANK OF AMERICA, N.A. to have moved to dismiss a near-identical claim made against it long-ago. It has not. In any event, the factual proofs regarding BANK OF AMERICA, N.A.'s liability are better addressed at either the summary judgment or trial stage of litigation, not on a motion for leave to amend. This factor does not, nor could it, weigh against granting the motion.

Finally, it must be noted that despite many a claim of prejudice, delay, and increased cost of litigation, BANK OF AMERICA, N.A. is the only party to oppose the motion for leave to file

the cross-claim. If the other parties to the litigation anticipated such prejudice, delay, or increased cost, one may have expected an objection from those other parties as well. None was filed.

## CONCLUSION

BANK OF AMERICA, N.A. has failed to demonstrate why leave should not be freely granted for Hilton to file a cross-claim for contribution *instanter*. BANK OF AMERICA, N.A. misapplies the incorrect standard, and under the correct standard, cannot convincingly point to any factors that weigh against allowing the cross-claim for contribution.

WHEREFORE, Defendant HILTON TRADING CORP. prays this Court enter an order granting leave to file its proposed Cross-claim for contribution against BANK OF AMERICA, N.A. *instanter*.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ Matthew S. Sims
    One of the Attorneys for Defendant,
    HILTON TRADING CORP.

Thomas P. Boylan
Matthew S. Sims
Jillian A. Mikrut
**CASSIDAY SCHADE LLP**
20 North Wacker Drive, Suite 1000
Chicago, IL 60606
Telephone:    (312) 641-3100
Facsimile:    (312) 444-1669
Email: tboylan@cassiday.com
Email: msims@cassiday.com
Email: jmikrut@cassiday.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2014, I electronically filed the foregoing document with the clerk of the court for the Northern District of Illinois, Eastern Division, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ Matthew S. Sims

7985930